OCT. TERM 1835.

Mullanphy v. Redman.

----------◀✖▶----------

## MULLANPHY's ADMR. v. REDMAN.

A having a claim to a tract of land, 15 arpens front, by 40 back, which by survey, was found to contain 787 arpens, applied to the Board of Commissioners for confirmation of 640 arpens, which was granted, and the excess thrown off on the west. The excess was afterwards covered in part by a N. M. claim, patented, and by purchase of U. S. patents. Held, as to the excess, to be a mere question between an unconfirmed Spanish grant, and a subsequent grant by U. S. The subsequent grant is good at law.

ON error from St. Louis circuit court.

Opinion of the court delivered by Wash J.

John Mullanphy brought an action of ejectment in the St. Louis circuit court in his life time, against Redman the defendant in error, which, on the death of Mullanphy, was revived in the name of his administrator. The defendant pleaded not guilty, and had a verdict and judgment. To reverse which judgment, the present writ of error is prosecuted. All the material facts are set out in a bill of exceptions, regularly taken at the trial. The plaintiff claims, by regular purchase from one Benito Vasques, for whom in the year 1799, a survey was made by the government surveyor, of a tract of land of fifteen arpents in width, by forty in depth, bounded East by Mississippi river, Westwarly and Northwardly by the King's domain, and Southwardly by land of Antoine Roy. The surveyor stated in his official certificate to the plat of survey, so by him made for Vasques, that the tract of land contained seven hundred and eighty-seven arpents. In the year 1809, Vasques claimed before the board of commissioners for the adjustment of land titles, six hundred and forty arpents of the land, which had been surveyed for him by Soulard, the Government surveyor, as aforesaid, and the board of commission-

A. having a claim to a tract of land 15 arpens front, by 40 back, which by survey was found to contain 787 arpens, applied to the board of commissioners for confirmation of 640 arpens, which was granted, and the excess thrown off on the west. The excess was afterwards covered by a N. M. claim, patented, & by purchase of U. S. patents. Held as to the excess, to be a mere question between an unconfirmed Spanish grant, and a subsequent grant by U. S. The subsequent grant is good at law.

29

OCT. TERM
1835.

Muianphy
v.
Redman.

ers on the 23rd of January, 1809, confirmed to Vasques the quantity claimed by him, and ordered the six hundred and forty arpents to be surveyed, as nearly conformable as might be to the plat of Soulard, deducting the surplus from the westerly end thereof. The survey made under the order of the board of commissioners, and according to the confirmation, gives to Vasques the full quantity claimed and confirmed, bounded on the East by the Mississippi river, on the North and South by the lines of the original survey made by Soulard, and on the West by a line nearly parallel to the river, and so run, as to cut off the excess in the original survey, over the quantity of six hundred and forty arpens confirmed by the board. In the year 1802, Vasques mortgaged the tract of land to one Coignard, and afterwards Mullanphy purchased under the mortgage the eleven northern arpents of the tract, (i. e.) eleven arpents in width on the river, running back the whole depth. That portion of the original survey lying west of the six hundred and forty arpents, as surveyed under the confirmation of the board of commissioners, is the land now in dispute. The plaintiff claims it by purchase under the mortgage, as aforesaid, and the defendant by virtue of two patents from the United States; the one for a portion purchased from the United States, and the other, for the residue owed by a New Madrid claim, (commonly so called.) The question relied on for the plaintiff in error, does not arise. There is no question between a New Madrid location and an unconfirmed Spanish grant; there is no statement in the record of any grant or concession to Vasques. In determining the extent of his legal estate, we have nothing to look to, but the confirmation by the board of commissioners upon the claim laid in by Vasques. The circuit court decided correctly, in limiting the plaintiff's right at law to that confirmation. The subsequent grant by the United States, of the excess in the original survey, above the quantity confirmed by the commissioners to the defendant in error, made his title to that excess perfect at law. The judgment of the circuit court, is therefore affirmed with costs.